IVEY JONES v. THE STATE.

No. 3574. Decided June 2, 1915.

'1.—Murder—Statement of Facts.

Where, upon appeal from a conviction of murder, the alleged statement of facts was not signed by anyone or approved by the presiding judge, the same can not be considered on appeal.

2.—Same—Bill of Exceptions—Continuance—Challenges.

In the absence of a bill of exceptions, the overruling of an application for a continuance and challenges to jurors can not be considered on appeal.

Appeal from the District Court of Gonzales. Tried below before the Hon. M. Kennon.

Appeal from a conviction of murder; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

C. C. McDonald, Assistant Attorney General, for the State.—On question of statement of facts not being approved and signed: White v. State, 9 Texas Crim. App., 41.

On question of overruling motion for continuance: Zumwalt v. State, 5 Texas Crim. App., 521; Peck v. State, 5 id., 611; White v. State, 9 id., 41.

On question of challenge: Wilson v. State, 3 Texas Crim. App., 63; Nalley v. State, 28 id., 387; Easterwood v. State, 34 Texas Crim. Rep., 400.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of murder and his punishment assessed at twenty-five years confinement in the penitentiary.

There is no statement of facts with the record. What may have been intended as the basis for a statement of facts is found with the record. It is signed by no one,—not even a stenographer, by the attorneys for neither side, nor by the presiding judge. Hence, it can not be considered as a statement of facts.

There are only two bills of exception in the record. One is to the court's overruling the application for a second continuance. This can not be reviewed in the absence of a statement of facts. The other bill is to the court's refusing to sustain his challenge of a certain juror. This, even if we could consider it in the absence of a statement of facts, shows no error in the court's ruling.

The judgment is, therefore, affirmed.

*Affirmed.*